**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SAMUEL H. JUMPER, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | CIVIL NO. 08-759-GPM |
| vs. ) | |
| ) | CRIMINAL NO. 05-30174-01-GPM |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner Samuel H. Jumper's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Jumper's motion is based on a claim of ineffective assistance of trial and appellate counsel.[1] The Government responded to Jumper's motion as ordered by this Court, and Jumper filed a reply. For the reasons set forth below, Jumper's § 2255 motion is denied.

## BACKGROUND

On November 2, 2005, the Government filed a criminal complaint against Jumper and two co-defendants. An indictment was filed on November 9, 2005, charging all three defendants with conspiracy to distribute and possess with intent to distribute 1000 kilograms or more of marihuana from on or about October 7, 2005, to on or about October 9, 2005 (Count 1) and possession with intent to distribute 1000 kilograms or more of marihuana on or about October 9, 2005 (Count 2).

---

[1] Attorney Ronald E. Jenkins was appointed to represented Samuel Jumper in the district court. He continued to represent Jumper on appeal.

Jumper's co-defendants pleaded guilty before trial; Jumper proceeded to trial, and on July 26, 2006, a jury returned special verdicts finding Jumper guilty on both counts as charged.

The United States Probation Office prepared and filed a Presentence Investigation Report (PSR), which included a two level adjustment for Jumper's leadership role pursuant to U.S.S.G. § 3B1.1(c). The PSR also included in Jumper's criminal history calculation a 1987 conviction for second-degree kidnaping, for which Jumper was released on parole on February 8, 1990, and a 1989 conviction for misdemeanor breaking and entering. At sentencing, the Court overruled Jumper's objection to the application of the leader/organizer enhancement but sustained his objection to the inclusion of the misdemeanor breaking and entering conviction. The Court determined that Jumper had a Total Offense Level of 34 and a Criminal History Category of III, which resulted in an imprisonment guideline range of 188-235 months. Jumper was sentenced on November 27, 2006, to a total term of imprisonment of 188 months, 5 years of supervised release, a $1000 fine, and a $200 special assessment. Jumper's conviction and sentence were affirmed by the United States Court of Appeals for the Seventh Circuit.

Thereafter, Jumper timely filed this motion for relief under § 2255. Jumper raises three grounds to support his ineffective assistance of counsel claim: (1) trial counsel failed to object to the inclusion of the 1987 second-degree kidnaping conviction in the PSR, which added 3 criminal history points; (2) appellate counsel failed to challenge on appeal this Court's finding that the leadership guideline enhancement was appropriate; and (3) trial counsel failed to provide Jumper with certain discovery material that would have enabled him to make an informed decision about whether to plead guilty or proceed to trial.

### DISCUSSION

### A. **Legal Standard**s

A hearing is not always required on § 2255 motions. "[A] district court *must* grant an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief." *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (emphasis in original) (internal quotations omitted). However, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," then a hearing is not required. *Id.*, *quoting* 28 U.S.C. § 2255; *see also Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001); *Daniels v. United States*, 54 F.3d 290, 293 (7th Cir. 1995). For an evidentiary hearing to be granted, the Seventh Circuit requires that a motion made pursuant to § 2255 "include an affidavit setting forth the specific basis for relief." *Kafo,* 467 F.3d at 1067. The affidavit is a threshold requirement; "its absence precludes the necessity of a hearing." *Id*. The specific allegations in the motion and accompanying affidavit must go beyond merely unsupported assertions; "[m]ere unsupported allegations cannot sustain a petitioner's request for a hearing." *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996). Although Jumper requests a hearing in his motion, he has not submitted the requisite affidavit to support the hearing request. Therefore, the Court will resolve the motion without a hearing.

The Court must grant a motion under 28 U.S.C. § 2255 when a prisoner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt*, 83 F.3d at 816, *citing Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). Relief under § 2255 is available only if an "error is jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704,

705 (7th Cir. 1997) (internal quotation omitted). Motions under § 2255 are subject to various bars, including that of procedural default. "A § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996) (internal quotation omitted). Thus, a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-constitutional issues that could have been raised on direct appeal, but were not; and (3) constitutional issues that were not raised on direct appeal *unless* (a) the petitioner demonstrates both cause for the procedural default as well as actual prejudice from the failure to appeal or (b) the court's failure to consider the issue would amount to a fundamental miscarriage of justice. *See Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994); *McCleese*, 75 F.3d at 1177; *see also Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000). Importantly, a claim of ineffective assistance of trial counsel may properly be raised in a § 2255 motion regardless of whether the defendant raised the issue on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Schuh*, 289 F.3d 968, 976 (7th Cir. 2002). Therefore, the claims that Jumper did not raise on direct appeal but that are now couched as ineffective assistance of counsel are not procedurally defaulted.

To establish ineffective assistance of counsel, Jumper bears a heavy burden. He must "show that [his] counsel's performance was deficient, and that the deficiency prejudiced [his] defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003), *citing Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if it falls "below an objective standard of reasonableness." *Id.*, *quoting Strickland*, 466 U.S. at 688. When a court evaluates an attorney's performance, the review is "highly deferential" to the attorney, "with the underlying assumption that

'counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Holman*, 314 F.3d 837, 840 (7th Cir. 2002), *quoting Strickland*, 466 U.S. at 689. Put another way, "[d]efense counsel is 'strongly presumed to have rendered adequate assistance and to have made significant decisions in the exercise of his or her reasonable professional judgment.'" *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004), *quoting United States v. Traeger*, 289 F.3d 461, 470 (7th Cir. 2002). To show deficient performance, Jumper must demonstrate "errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Holman*, 314 F.3d at 839, *quoting Strickland*, 466 U.S. at 687.

In general, prejudice is established by showing that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Benefiel v. Davis*, 357 F.3d 655, 661 (7th Cir. 2004), *quoting Strickland*, 466 U.S. at 694. When analyzing counsel's performance at sentencing, prejudice exists when, but for counsel's action or inaction, the movant would have received a shorter sentence. *See Glover v. United States*, 531 U.S. 198, 202-04 (2001); *Strickland*, 466 U.S. at 694. Moreover, a claim of ineffective assistance of counsel must be supported by objective evidence, not merely by a movant's own self-serving testimony. *See Cooper*, 378 F.3d at 641-42; *McCleese*, 75 F.3d at 1179; *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991). With these standards in mind, the Court turns to consideration of Jumper's arguments.

### B. Ineffective Assistance Regarding the 1987 Second-Degree Kidnaping Conviction

Jumper claims that trial counsel was ineffective in failing to object to the PSR's inclusion of 3 criminal history points resulting from the 1987 second-degree kidnaping conviction. Jumper contends that the 1987 conviction fell outside of the applicable time period under U.S.S.G.

§ 4A1.2(e)(1) and, therefore, should not have been counted. Jumper cannot establish that counsel was ineffective because Jumper's contention is wrong.

U.S.S.G. § 4A1.2(e)(1) addresses the computation of criminal history for prior sentences imposed against the defendant:

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

However, § 4A1.2(b)(1) provides: "The term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed." U.S.S.G. § 4A1.2(b)(1). The Commentary to this guideline provision further explains that "criminal history points are based on the sentence pronounced, not the length of time actually served." U.S.S.G. § 4A1.2 Appl. Note 2.[2]

Jumper was sentenced on the 1987 conviction on May 19, 1987. He was sentenced to 6 years imprisonment. The fact that he was paroled on February 8, 1990, does not affect this sentence for purposes of calculating Jumper's criminal history. His 6-year sentence fell within 15 years of the instant offense. Co-defendant Edgar Kelly's testimony that he began transporting money and, on one occasion, marijuana, for Jumper as early as 2003 or 2004 is beside the point. Jumper's 1987 conviction should be counted toward his criminal history because that 6-year sentence fell within the applicable time period under § 4A1.2.[3] Because Jumper cannot show that counsel committed

---

[2]These provisions are taken from the 2005 United States Sentencing Commission Guidelines Manual, which was used at sentencing. Notably, they remain unchanged in the 2010 manual.

[3]The Government's response relies on the inclusion of this 2003 or 2004 time period as relevant conduct. The Court need not address this theory because the sentence on the 1987 conviction fell within the 15-year period under the second sentence of U.S.S.G. § 4A1.2(e)(1).

any error by failing to object to the inclusion of the 1987 conviction in the criminal history calculation, it is axiomatic that counsel was not ineffective on this basis.

### C. Ineffective Assistance Regarding the Leadership Enhancement

Jumper claims that counsel was ineffective in failing to challenge on appeal this Court's finding at sentencing that Jumper qualified as an organizer, leader, manager, or supervisor of a conspiracy that involved less than five participants under U.S.S.G. § 3B1.1(c), which resulted in a 2-level enhancement in Jumper's offense level computation. Jumper argues that had counsel acquiesced to Jumper's urging and raised the issue on appeal, he would have prevailed on the issue on appeal. Jumper also claims that he has a due process right under the Sixth Amendment to instruct his attorney to raise the issue on appeal.

The Government attached to its response an affidavit submitted by Attorney Jenkins. The affidavit confirms that Jumper did want the issue raised on appeal, but counsel made a strategic decision to focus on a constitutional argument rather than on this argument, which he considered to be a "'certain' loser" (*see* Doc. 9-1).

Counsel was entitled to make a strategic decision about what issues to pursue on appeal, and his failure to pursue every conceivable issue does not constitute deficient performance. "Appellate lawyers are clearly not incompetent when they refuse to follow a 'kitchen sink' approach to the issues on appeals. To the contrary, one of the most important parts of appellate advocacy is the selection of the proper claims to urge on appeal." *Howard v. Gramley*, 225 F.3d 784, 791 (7th Cir. 2000). Counsel's performance is deficient, however, "when [he] omits a significant and obvious issue without a legitimate strategic reason for doing so." *Id*. at 790 (internal quotation omitted). It is clear from counsel's affidavit that he made a strategic decision not to raise the leadership

enhancement issue on appeal. "Throwing in every conceivable point is distracting to appellate judges, consumes space that should be devoted to developing the arguments with some promise, inevitably clutters the brief with issues that have no chance … and is overall bad appellate advocacy." *Id*. at 791. Jumper's counsel's performance was not deficient on this basis.

In any event, Jumper cannot show the requisite prejudice to satisfy the second prong of the ineffective assistance of counsel standard. "The prejudice inquiry is, in a sense, a more absolute one. There [the court asks] only whether there is a reasonable probability that raising the issue would have made a difference in the outcome of the appeal. In other words, performance is about picking the battles; prejudice looks at whether winning the battle would have made a difference in the outcome of the war." *Id*. at 791. Jumper has not demonstrated "a reasonable probability that raising the issue would have made a difference in the outcome of the appeal." *Id*. The information in the PSR and Edgar Kelly's testimony at trial easily support the leadership role finding.

Jumper also argues that he has a right to raise any non-frivolous issue on appeal under the Due Process Clause. Jumper relies on *Evitts v. Lucey*, 469 U.S. 387 (1985), for this mistaken proposition. In *Evitts*, counsel failed to file a timely notice of appeal and the defendant was deprived of an appeal; the Court held that criminal defendants have a right to effective, not merely nominal, assistance of counsel on the first appeal as of right. Thus, the Court held that "the appellate-level right to counsel also comprehends the right to effective assistance of counsel." 469 U.S. at 392. In finding that appellate counsel must play the role of an active advocate, the Court specifically stated that "the attorney need not advance *every* argument, regardless of merit, urged by the appellant." *Id*. at 394. Jumper's argument fails.

### D. Ineffective Assistance Regarding Discovery Material

Finally, Jumper argues that counsel was ineffective in failing to provide certain discovery materials to allow him to make an informed decision whether to plead guilty or proceed to trial. He contends that had he been provided the actual statements that Edgar Kelly gave to investigators, he would have pleaded guilty.

It is clear from copies of letters that counsel sent to Jumper before trial, which are attached to counsel's affidavit, that counsel repeatedly apprised Jumper of the overwhelming evidence against him. Counsel urged him to plead guilty, stating in a letter dated May 22, 2006: "If you choose to go to trial, we have virtually no chance of winning." (Doc. 9-1, p. 3). In a letter dated June 14, 2006, counsel fully outlined the evidence against Jumper, including the fact that his co-defendants would testify against him, and cautioned: "Samuel, you must know and be aware that your chances of being acquitted in this case are virtually nil. I honestly do not know what our defense is or should be." (*Id*. at p. 5). This letter concludes: "You are risking almost twice the sentence and being in jail sooner for a +/-2% chance. It is my advice to enter a plea, but that decision is yours. If your Bishop knew what the evidence was, I think he too would tell you to enter a plea." (*Id*.).

Counsel was not deficient regarding the disclosure of evidence against Jumper. Jumper now contends that had he seen one more thing, he would have changed his mind. But counsel told Jumper that Edgar Kelly would testify against him. Moreover, Jumper again cannot show the requisite prejudice: he has not demonstrated a reasonable probability that had he seen the additional evidence – if in fact he didn't see it, which the Court is not convinced – he would have pleaded guilty. The Court infers from the letter that Jumper acted on the advice of his spiritual advisor rather than his defense counsel. That was his choice, and he cannot now blame counsel for that choice.

## CONCLUSION

For the foregoing reasons, the motion for relief pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**, and this action is **DISMISSED with prejudice**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  01/06/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
